ADOLPH M. DROSTE, Respondent, v. WILLIAM H. PALMER, Appellant.

*Action for a breach of warranty in a bill of sale — not maintainable under a covenant contained in a bill of sale executed subsequent to the date of the alleged breach.*

The vendor in a bill of sale of a building on leased ground, executed October 11, 1889, is not liable, under a covenant to warrant and defend the sale contained therein, for the amount of a judgment in trespass recovered against the vendee, where it appears that the sale was orally consummated about April 25, 1889, and that the trespass, consisting in the ejectment of a person in occupation of the land, of which the vendee was adjudged to be guilty, was committed on that day.

APPEAL by the defendant, William H. Palmer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of May, 1899, upon the verdict of a jury, rendered by direction of the court after a trial at the Kings County Trial Term.

*Hugo Hirsh*, for the appellant.

*Van Buren Denslow*, for the respondent.

HATCH, J.:

It appears by the complaint that this action was brought upon an agreement claimed to have been made by the defendant to hold the plaintiff harmless from any damage he might sustain by reason of taking possession of certain premises situate at Wallabout Market, in the borough of Brooklyn, and to compensate the plaintiff for any loss he might incur thereby; that, relying upon the defendant's representations and agreement to hold the plaintiff harmless, the latter purchased said premises from the defendant, and, pursuant to the latter's direction, entered into possession of the same; that, by reason of such entry, he was subjected to a suit by one Mary H. Barrett, who claimed to hold a lease and was in occupation of part of the premises; that such suit resulted in a judgment against the plaintiff, from which he sustained damage in an amount specified in the complaint.

Upon the trial the plaintiff undertook to prove that he entered into negotiations for the purchase of the premises about the 1st of April, 1889, and shortly thereafter consummated the same. He tes-

tified, pursuant to the averments of his complaint, to the representations and agreement made at that time. The building subject of the sale stood upon leased ground and was used for market purposes, the lease running from the city to the defendant. No writing evidenced the sale or the agreement which was made at the time of its consummation. According to the testimony the negotiations had ripened into a sale about the twenty-fifth of April, and immediately the plaintiff entered into possession of the building and ejected Mrs. Barrett therefrom. The suit for the recovery of damages was in trespass, and was based upon the act of the plaintiff in removing Mrs. Barrett and her property from the building.

During the course of the examination of the plaintiff a bill of sale was produced, executed by the defendant and running to the plaintiff, bearing date the 11th day of October, 1889. This bill of sale contained a covenant whereby the plaintiff agreed to warrant and defend the sale of the said building. After the introduction of this paper the court struck out all of the testimony given by the plaintiff tending to show the oral agreement on the part of the defendant at the time when the sale of the premises was consummated; and at the close of the proof the court struck out all of the testimony which tended to establish such oral agreement, holding that the defendant was liable under the covenant contained in the written bill of sale.

We are unable to see how this ruling can be sustained upon any theory presented by this case. The action out of which the damages arose was for a trespass committed by the plaintiff on April 25, 1889; and how the plaintiff can invoke the aid of a covenant which had no existence until the October following, as the basis of indemnity for the trespass committed by him in April, we are unable to see. The action was not brought upon any such theory. All of the averments of the complaint under which the plaintiff sought to show his right to recover were for the breach of an alleged oral agreement made at the time of the sale. If it had appeared that such agreement had been made at that time, and that the trespass was committed pursuant to the defendant's direction to enter, then the act of trespass was the joint act of both persons, and as both were sued for such trespass they both stood before the law as joint *tort feasors.* Neither could compel contribution for what he was

required to pay as damages or expenses incurred by him in consequence of his act of trespass. There was no amendment of the complaint, assuming that the court would have possessed the power to amend — which is more than doubtful — upon the trial. The defendant's motion for the direction of a verdict presented this question clearly to the court, and such motion should have been granted. Neither the averments of the complaint nor the proof upon the trial showed or tended to show that the covenant contained in the written bill of sale either related to or embraced the oral agreement and representations which were made by the defendant at the time when the sale was consummated. The paper itself is plain and definite in its terms, and it cannot be construed as relating back to the time of the original transaction, so as to furnish indemnity, in the form of damages for its breach, for the trespass committed by the plaintiff in the prior April. To permit a recovery under such circumstances would be to authorize an award of damages for breach of a covenant which had no existence at the time when the act was committed out of which it is claimed the breach arose. The bare statement of the proposition is its refutation.

It follows that the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.